Filed 3/21/13  P. v. Morgan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TODD SHELDON MORGAN,<br><br>        Defendant and Appellant. | H038394<br>(Monterey County<br>Super. Ct. No. SS091860) |

## I.  INTRODUCTION

After a jury trial, defendant Todd Sheldon Morgan was found guilty of committing assault with a deadly weapon by a life prisoner with malice aforethought (Pen. Code, § 4500)[1] on a victim 70 years of age or older (§ 12022.7, subd. (c)).  He admitted the allegations that he had six prior violent or serious felony convictions that also qualified as strikes within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(2)).  The trial court imposed a sentence of 27 years to life plus a consecutive three-year term.

Defendant filed a timely notice of appeal, and we appointed counsel to represent him in this court.  Appointed counsel has filed an opening brief that states the case and facts but raises no issue.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The 30-day period has elapsed and we have received no response from defendant.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record.  Following the California Supreme Court's direction in *People v. Kelly*, *supra*, at page 110, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background*

Our summary of the facts is taken from the testimony given at the jury trial.  In April 2009, defendant was incarcerated at Salinas Valley State Prison where he was serving a life sentence.  An incident involving defendant occurred at approximately 2:00 p.m. on April 12, 2009.

At that time, correctional officer Curtis L. Befort was monitoring the prison exercise yard from his position in the "gun booth."  He saw three inmates, including defendant, leaning against a table in the yard.  One of the three inmates stood up and ran towards the basketball courts.  Befort then saw defendant turn and attack the third inmate, Dennis Miller.  Defendant was making striking motions towards Miller's head and torso with his left hand while Miller tried to cover and protect himself.  On his institutional radio, Befort announced that a fight was occurring.  He also told the other prisoners in the yard to lie down.

Two other correctional officers, Carlos Martinez  and Eric M. Schmidt, were in the yard.  After hearing on the institutional radio that a fight was occurring near the table, Martinez and Schmidt looked over and saw that defendant was on top of inmate Miller and making stabbing motions with an object in his right hand.  Miller was curling his legs up in a fetal position on the table while trying to protect his head.  Martinez yelled at defendant and Miller to stop, but defendant looked at him while continuing to make stabbing motions towards Miller.  When Martinez was about 20 yards away, he saw

2

defendant drop an object and then lie flat on the ground. Miller was on the table with blood dripping from gashes on his face, upper torso, and hands.

Martinez then handcuffed defendant and, after putting on latex gloves, took possession of the bloody object that defendant had dropped. Martinez wrapped the object in a latex glove and put it in his pocket before placing it in an evidence bag in the evidence locker. He later determined that the object was an inmate-manufactured weapon, made of a piece of wood approximately nine and one-half inches long and three and one-half inches wide, sharpened to a point on one end with cloth wrapped around the other end to form a handle.

Miller was treated at Santa Clara Valley Medical Center by John Sherck, M.D., a trauma surgeon. Dr. Sherck determined that Miller, who was born in 1934, was seriously injured. His injuries included skin avulsions; puncture wounds to his hands; multiple lacerations on his face; cuts to his ears and back; and stab wounds to the neck, shoulder and chest. The stab wound to the chest broke one of Miller's ribs and punctured his lung. In Dr. Sherck's opinion, Miller's injuries were very significant and would have caused his death without medical intervention.

**B.** *Procedural Background*

An amended complaint was filed on September 25, 2009, that charged defendant with committing assault with a deadly weapon by a life prisoner with malice aforethought (§ 4500; count 1) on victim Dennis Miller. The complaint specially alleged that defendant had personally inflicted great bodily injury on a victim 70 years of age or older who was not an accomplice to the offense. (§ 12022.7, subd. (c).) The special allegations also stated that defendant had six prior violent or serious felony convictions that qualified as strikes within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(2)), including five prior convictions for burglary in the first degree (§§ 459, 460.1) in 1987 and 1988 and one prior conviction for robbery in the second degree (§§ 211, 212.5, subd. (c)) in 2001.

At the conclusion of the preliminary hearing held on September 25, 2009, defendant was held to answer on count 1, including the special allegation that defendant had inflicted great bodily injury on a victim 70 years of age or older. A third amended information was filed on February 9, 2011, that included a second count for assault with a deadly weapon (§ 245, subd. (a)(1); count 2) with the special allegation that defendant had personally inflicted great bodily injury on a victim 70 years of age or older who was not an accomplice to the offense (§ 12022.7, subd. (c)).

In April 2011, defendant filed a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 in which defendant requested that the court dismiss his prior strike convictions in the interest of justice. The trial court denied the motion after a hearing held on April 13, 2011.

The matter proceeded to a jury trial on April 16, 2012. On the same day, defendant admitted the allegations that he had six prior violent or serious felony convictions that also qualified as strikes within the meaning of the Three Strikes law (§ 1170.12, subd. (c)(2)). On April 18, 2012, the parties stipulated that the victim had died and the jurors would be instructed not to speculate about his death or consider it any way.

On April 19, 2012, the trial court heard and granted the prosecution's request to amend count 2 to allege the lesser included charge of a violation of section 4501 (assault with a deadly weapon by a prisoner) instead of a violation of section 245, subdivision (a)(1). Defendant's request that the jury be instructed on the lesser included offense of "simple assault" was denied.

The jurors returned their verdict on count 1 on April 19, 2012, finding defendant guilty of committing assault with a deadly weapon by a life prisoner with malice aforethought (§ 4500) and also finding that in the commission of the offense defendant personally inflicted great bodily injury on a victim 70 years of age or older within the meaning of section 12022.7 subdivision (c).

4

During the sentencing hearing held on May 30, 2012, the trial court imposed a sentence of 27 years to life pursuant to section 1170.12, subdivision (c)(2)(A), plus a consecutive term of three years pursuant to section 12022.7, subdivision (c).

The trial court ordered defendant to pay a $3,000 restitution fine (§ 1202.4, subd. (b)) and suspended the imposition of a $3,000 parole revocation restitution fine (§ 1202.45). The court also ordered payment of a court operations assessment fee of $40 (§ 1465.8, subd. (a)(1)) and a court facilities assessment fee of $30 (Gov. Code, § 70373). Additionally, defendant was ordered to pay an unspecified amount of victim restitution to the family of the victim for all out-of-pocket and economic losses. The court reserved jurisdiction over the amount of the losses, which were to be collected and determined by the Department of Corrections and Rehabilitation.

The abstract of judgment was filed on June 20, 2012 and an amended abstract of judgment was filed on October 19, 2012.

## C. *Appeal*

Defendant filed a timely notice of appeal on May 30, 2012. Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

We observe, however, that the trial court imposed a consecutive term of *three years* pursuant to section 12022.7, subdivision (c), although section 12022.7, subdivision (c) provides: "Any person who personally inflicts great bodily injury on a person who is 70 years of age or older, other than an accomplice, in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for *five years*." (Italics added.) We will correct the unauthorized sentence by ordering the abstract of judgment modified to state that the consecutive term pursuant to section 12022.7, subdivision (c) is five years.

## III. DISPOSITION

The abstract of judgment is ordered modified to state that the consecutive term pursuant to Penal Code section 12022.7, subdivision (c) is five years. As so modified, the judgment is affirmed. The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MÁRQUEZ, J.